UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SAMUEL LAMAR WILLIAMS,

        Petitioner,

v.                                      Case No. 5:06-cv-321-Oc-10GRJ

SECRETARY, DEPT. OF CORRECTIONS,

        Respondent.
_____

## ORDER DENYING PETITION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Petition stems from Petitioner's 2002 Marion County jury-trial conviction of burglary of a dwelling, for which Petitioner received a 15-year sentence as a prison releasee reoffender. Id. Petitioner contends that he was denied the effective assistance of counsel in that: (1) counsel failed to secure his right to a speedy trial; (2) counsel improperly introduced evidence of a collateral crime while cross-examining a prosecution witness; (3) counsel failed to request a bill of particulars, which deprived Petitioner of the opportunity to present an alibi defense; and (4) counsel made improper statements and engaged in improper conduct during trial. Id. The Respondent has filed a Response (Doc. 7) asserting that the Petition should be summarily denied. Upon due consideration of the Petition, the Response, the state-court record contained in Respondent's Appendix, and Petitioner's reply (Doc. 12), the Court concludes that

the Petition must be denied.[1]

## Background

Petitioner, who was represented by appointed conflict counsel in the trial court, was charged with one count of burglary of a dwelling and one count of trafficking in stolen property. The evidence adduced at the December 5, 2002, trial may be summarized as follows. Late one night in February 2002, Ronnell and Mercedes Morrison returned from church to find that their house had been burglarized and articles of clothing and hats belonging to Mr. Morrison had been stolen. The victims testified that Petitioner had been at the Morrison's house the day before the burglary to go on a shopping trip to Orlando with the Morrisons. Petitioner knew that the Morrisons were going to an evening church service because Mr. Morrison had told him.

That same evening, a few blocks from the Morrison's house, Police Officer Greg Martin observed a man he later identified as the Petitioner running across a street carrying a bulky plastic bag. The man ran into the woods and could not be located. However, when the Morrisons reported the burglary it was Officer Martin who responded, and Officer Martin called for a K-9 unit to search the woods where the man with the bag had disappeared. Officer Rod King and his K-9 dog tracked

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

2

to a house owned by Alvin Harrington. Harrington testified that a man came to his house with some clothes, but he could not identify that man as the Petitioner. A tag from one of Mr. Morrison's hats was found at Harrington's house. Morrison and another detective found some of Morrison's clothing by the side of the road, near Parkside Gardens apartments. Petitioner was observed at the apartment complex, and was subsequently found to be in possession of several items of clothing that belonged to Morrison. At the close of the State's evidence, the State dismissed the charge of trafficking in stolen property, and the court denied Petitioner's motion for judgment of acquittal on the burglary charge. Out of the presence of the jury, the trial court engaged in a colloquy with Petitioner to establish that Petitioner wanted to waive his right to testify. Petitioner's counsel represented to the court that Petitioner had no witnesses or evidence to offer, and Petitioner affirmed to the court that he was satisfied with counsel's representation of him. The jury returned a verdict of guilty. App. tab II.

Petitioner was represented by the public defender on appeal. Id. tab VII. On appeal, Petitioner argued that the court erred in allowing the testimony of Mrs. Morrison, who was disclosed as a witness just prior to trial. Petitioner also challenged the sufficiency of the evidence. Id. The Fifth District Court of Appeal affirmed without opinion. Id. tab IX.

Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850, alleging the same four grounds as raised in the instant Petition. Id. tab X. The trial court conducted an evidentiary hearing, at which Petitioner was represented by the public defender. Id. tab XI. Petitioner's counsel stated that it was not necessary to take evidence at the hearing regarding Petitioner's first claim (speedy trial), and the parties agreed on the record that trial counsel had acted appropriately with respect to Petitioner's speedy trial rights. Id. at 4, 9. Further, part of Petitioner's fourth claim asserted that trial counsel had rendered ineffective assistance with regard to a motion for a mistrial that he had raised and argued outside the presence of the jury; the parties agreed that that issue lacked merit. Id. at 4, 9, 17.

Petitioner's second claim pertained to his trial counsel's cross-examination of Mrs. Morrison, who testified that Petitioner had stolen money from her wallet during their trip to Orlando. Petitioner's trial counsel, Charles Holloman, testified that Petitioner had insisted he ask Mrs. Morrison about the money because it showed that Mrs. Morrison was biased against Petitioner. Counsel determined that it was a "tactical question," that at least arguably established witness bias. Id. at 9-10. Counsel testified that he did not want to ask the question, but Petitioner insisted. Id. at 10.

Petitioner's third claim was that counsel was ineffective for failing to file a motion for a bill of particulars, which would have allowed Petitioner to establish an alibi defense. Mr. Holloman testified that he did not file such a motion because

4

Petitioner admitted having the stolen clothes and had never asserted that he had any alibi defense. Id. at 12-14. On cross-examination, Mr. Holloman testified that Petitioner had sent him letters admitting that he possessed the stolen clothes, and counsel reviewed a letter at the evidentiary hearing in which Petitioner stated that he did not know the names of any possible defense witnesses. Id. at 26-31, 48.

The remainder of Petitioner's fourth claim concerned counsel's reference in closing argument to the fact that Officer Martin had identified Petitioner as the person crossing the road with a bag on the night of the burglary. Mr. Holloman testified that he believed that the prosecution was attempting to suggest that Mr. Holloman was calling the officer's credibility into question and thereby putting the defense in the position of appearing to put "law enforcement on trial," which could be offensive to the jury. Id. at 18. Counsel testified that he responded to the prosecution's tactic in his rebuttal closing argument by acknowledging that he had known Officer Martin for years, and that Officer Martin "probably saw what he saw." Id.; tab II at 266.

Kenneth Gibson testified on behalf of Petitioner. He stated that on the night of the burglary, Petitioner attended a birthday party for Gibson's brother that Gibson hosted, and helped Gibson set up music, cook, and clean up until 1 o'clock a.m. Id. at 51-53. Petitioner testified that he had given the names of two possible witnesses to Mr. Holloman's investigator. Id. at 56. Petitioner stated that he told Mr. Holloman that there were no witnesses because he had had a falling out with one of the

5

witnesses, Jerry Bines, and he did not know how to get in touch with Kenneth Gibson. Id at 57-59. Petitioner testified that Jerry Bines had picked him up earlier on the evening of the burglary, and then he went to Gibson's. Id. at 59. Afterward, Jerry Bines dropped Petitioner off with a guy who sold Petitioner some dope, which Petitioner smoked with a girl named Gwen who "couldn't have been a witness." Id. Then Petitioner went to Parkside Apartments to try to get some more dope, and a man named Kenny Gallion approached him and tried to sell him some clothes. Id. at 60-61. Petitioner agreed to help Gallion sell the clothes, and then the police arrived and Gallion ran away. Id. at 62.

Petitioner denied that he asked Mr. Holloman to question Mrs. Morrison about stolen money. He testified that he waived his right to testify at trial because he believed he would not be allowed to explain that he had gotten the stolen clothes from Gallion and was trying to sell them for drugs. Id. at 65.

The state court denied the motion. App. tab XII. The court noted that in order to establish ineffective assistance of counsel, Petitioner was required to show that "(1) counsel made errors so serious that he was not functioning as the 'counsel' guaranteed by the Sixth Amendment of the United States Constitution, and (2) counsel's deficient performance prejudiced the defense." Id. (citing Strickland v. Washington, 466 U.S. 668 (1984)).

The court determined that Petitioner was not entitled to relief on his first claim (speedy trial rights) because the record conclusively established that counsel had

waived Petitioner's speedy-trial rights by filing motions for continuance, and since Petitioner faced a mandatory 15-year sentence counsel was not ineffective for requesting more time to prepare.  Further, counsel did file a speedy trial demand on October 2, 2002, thereby triggering procedures leading to the December 2, 2002, trial.  The court concluded that Petitioner had failed to demonstrate either error or prejudice, and noted that in any event Petitioner had conceded at the evidentiary hearing that the claim was without merit.  Id.

The court rejected Petitioner's second claim for relief, pertaining to collateral-crimes evidence introduced through the testimony of Mrs. Morrison, based on counsel's testimony at the evidentiary hearing that Petitioner had insisted on pursuing such evidence.  Id.  The court rejected Petitioner's third claim for relief, pertaining to counsel's failure to file a motion for a bill of particulars, because the information setting forth the charges against Petitioner was sufficiently specific, and counsel testified at the evidentiary hearing that Petitioner had never indicated that he had an alibi.  Id.  The court rejected Petitioner's fourth claim for relief because counsel's comments in moving for a mistrial were made outside the presence of the jury and Petitioner conceded that that claim lacked merit.  As to counsel's statements in closing argument implying that he agreed with Officer Martin's testimony, the court credited counsel's testimony at the evidentiary hearing that he made a strategic decision not to call the officer a liar in closing argument. The court determined that the closing argument as a whole called the State's case into

question, and because of the substantial evidence against Petitioner the court determined that counsel's statement did not prejudice Petitioner.

The public defender was appointed to represent Petitioner on appeal. Counsel filed a brief and motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal. Id. tab XIII. Although Petitioner was provided with an opportunity to respond, the record does not reflect that he did so. Id. tab XIV. The Fifth District Court of Appeal affirmed without opinion. Id. Petitioner filed the instant Petition, which Respondent concedes is timely and exhausted.

## Standard of Review

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[2] Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding."[3] The "contrary to" and "unreasonable

---

[2] See Williams v. Taylor, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 1518-19 (2000).

[3] See 28 U.S.C. § 2254(d)(1)- (2).

application" clauses provide separate bases for review.[4] The state court's findings as to witness credibility are presumptively correct. See Brown v. Head, 272 F.3d 1308, 1314 (11th Cir. 2001).

### Ineffective Assistance of Counsel

In order to state a successful ineffective assistance of counsel claim, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the attorney's deficient performance prejudiced the defense.[5] Both prongs must be shown in order to succeed on an ineffective-assistance claim. Further, to prove prejudice, a Petitioner must show that there is a reasonable probability that the outcome of the trial would have been different but for counsel's unprofessional errors.

When reviewing an ineffective assistance of counsel claim, the court's role "is not to grade counsel's performance;" instead, the court's role is to conduct an objective inquiry and determine "whether counsel's performance [was] reasonable under prevailing professional norms." Chandler v. United States, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (internal quotations and citation omitted). Therefore, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 1314. "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of

---

[4] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[5] Strickland v. Washington, 466 U.S. 668, 688 (1984).

reasonable professional judgment." Id. "Thus, counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy." Id. (quoting Darden v. Wainwright, 477 U.S. 168 (1986)). To overcome the strong presumption in favor of competence, the petitioner bears the burden of establishing "that no competent counsel would have taken the action that his counsel did take." Id. at 1314-15.

### **Claim (1) Speedy Trial Rights**

Petitioner reasserts his claim that his trial counsel failed to preserve his right to a speedy trial, but offers no explanation as to why the state court's resolution of this claim reflects an unreasonable determination of the facts, or is contrary to, or an unreasonable application of, federal law. The state court found that counsel had, in fact, performed appropriately with respect to Petitioner's speedy trial rights, and in any event that the parties agreed at the evidentiary hearing that this claim was without merit. Further, Petitioner has made no showing whatsoever that counsel's actions prejudiced his Sixth Amendment right to a speedy trial. The test for adjudicating a Sixth Amendment speedy trial claim requires a balancing of four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant.[6] When the delay between arrest or indictment and trial is more than one year, there is a presumption

---

[6] Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182 (1972); Doggett v. United States, 505 U.S. 647, 112 S.Ct. 2686 (1992).

of prejudice sufficient to trigger application of the four part test as a whole. <u>Doggett</u> at 652 n.1. In this case, the time between Petitioner's February 16, 2002, arrest and the December 2, 2002, trial was less than one year. Therefore, there is no presumed prejudice. Under these circumstances, Petitioner has failed to show that the state court's rejection of this claim entitles him to federal habeas relief.

### **Claim (2) Evidence of Collateral Crimes**

Petitioner reasserts his claim that counsel performed deficiently in cross-examining Mrs. Morrison and eliciting testimony that Petitioner stole money from her wallet. The state court clearly credited Mr. Holloman's testimony at the evidentiary hearing that Petitioner insisted on eliciting that information in order to show the witness's bias. A review of the record reflects that the State initially raised the issue with Mrs. Morrison, by eliciting testimony that money disappeared from her wallet the day that she went shopping in Orlando with Petitioner, leaving the clear impression that Petitioner had taken the money. The state court's decision to credit Mr. Holloman's testimony regarding the tactical reason for cross-examination on this point is entitled to deference. Under the circumstances presented, Petitioner has not shown that the state court's conclusion that counsel was not deficient was contrary to, or an unreasonable application of, federal law.

### **Claim (3) Bill of Particulars and Alibi Defense**

Petitioner reasserts his claim that counsel erred by failing to file a motion for a bill of particulars that would have allowed him to establish an alibi defense. The

11

state court plainly credited Mr. Holloman's testimony that Petitioner never indicated he had an alibi or any witnesses at all. The state court referred to the portion of the trial record during which Petitioner affirmed on the record that he did not wish to testify and did not have any witnesses to present. Petitioner's self-serving testimony at the evidentiary hearing to the contrary strains credulity. Petitioner points to nothing in the record beyond his own self-serving statements as support for this claim. Petitioner's assertions are insufficient to show that the state court's rejection of this claim was contrary to, or an unreasonable application of, federal law.

### **Claim (4) Counsel's Statements**

Petitioner reasserts his claim that counsel performed deficiently by stating while arguing a motion for mistrial that the case would be determined by the Court of Appeals, thereby appearing to concede Petitioner's guilt, and performed deficiently in closing argument by appearing to agree with Officer Martin's testimony identifying Petitioner. The state court rejected the first part of this claim because the mistrial motion was argued outside the presence of the jury and therefore could not have had any effect on the outcome of the trial. The state court's finding is supported by the record, and Petitioner offers no cogent argument as to why the state court's finding in this regard is erroneous. See App. tab. II at 21-22. As to the second part of Petitioner's claim, the state court determined that, under the circumstances present, Mr. Holloman's strategic decision not to call into question the police officer's credibility was entitled to deference, that the closing argument as a

12

whole called the State's case into question, and that Petitioner was not prejudiced by the comment in light of the substantial evidence of his guilt. The record supports the state court's conclusions, and Petitioner has made no showing that the state court's determination that counsel did not render ineffective assistance in closing argument is contrary to, or an unreasonable application of, federal law.

## Conclusion

For the foregoing reasons, the Petition is **DENIED** with prejudice. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 28th day of September 2009.

_____
UNITED STATES DISTRICT JUDGE

c: Samuel Lamar Williams
   Counsel of Record